**YUPING HUANG, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 08–1255–ag.

United States Court of Appeals, Second Circuit.

Oct. 17, 2008.

Vlad Kuzmin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT A. KATZMANN, B.D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Yuping Huang, a native and citizen of the People's Republic of China, seeks review of a February 14, 2008 order of the BIA, affirming the June 14, 2006 decision of Immigration Judge ("IJ") Paul A. De-Fonzo, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuping Huang,* No. A98 895 226 (B.I.A. Feb. 14, 2008), *aff'g* No. A98 895 226 (Immig. Ct. N.Y. City June 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir. 2008).

As an initial matter, contrary to the government's argument, we treat as exhausted Huang's arguments challenging the agency's adverse credibility determination as they are extensions of the arguments she raised before the BIA. *See Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007).

Nonetheless, we find that substantial evidence supports the agency's adverse credibility determination. The IJ properly relied on discrepancies found in the record. For example, Huang testified that after the birth of their second child, she and her

husband remained in the hospital for two weeks, guarded by family planning officials, until she was well enough to undergo a forced sterilization procedure. On the other hand, Huang's husband testified that after the birth of their second child, they returned home for one month, and were pressured daily by family planning officials to undergo sterilization until Huang returned to the hospital to undergo sterilization. Moreover, although Huang and her husband offered explanations for their inconsistent testimony, no reasonable factfinder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Accordingly, the agency's denial of Huang's application for asylum and withholding of removal was proper. *See* 8 C.F.R. §§ 208.13(b), 208.16(b)(1); *see also Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006)(finding that when the same factual assertion supported both the asylum and withholding claims, an adverse credibility ruling on one claim foreclosed relief on the other).

As to Huang's claim for relief under CAT, she failed to challenge before the BIA the IJ's denial of that category of relief. Indeed, the BIA noted that failure in its decision. Accordingly, we lack jurisdiction to consider any challenge to the IJ's denial of her application for CAT relief, and dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)).

For the foregoing reasons, the petition for review is DISMISSED in part and otherwise DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).